Donald L. BACHMAN, et al., Plaintiffs,

v.

James C. MILLER, III, et al.,
Defendants.

No. 76–0079.

United States District Court,
District of Columbia.

July 6, 1983.

See also 559 F.Supp. 150.

Roger E. Warin, Daryl A. Chamblee and Colleen P. Mahoney of Steptoe & Johnson, Washington, D.C., for plaintiffs.

John Oliver Birch, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty. and Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., were on brief, for defendants.

## OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on plaintiffs' Third Motion for Attorneys' Fees, Motion for Attorneys' Fees on Appeal and Supplemental Motion for Attorneys' Fees. Defendants filed an "initial" opposition to plaintiffs' first two motions and an opposition to the Supplemental Motion. Based upon the pleadings, the entire record amassed in this case and the Court's extensive experience in dealing with the counsel involved in this case, the Court will award plaintiffs' counsel attorneys' fees in the amount of $39,359.75. The Court's reasons for fixing this award follow.

## BACKGROUND

In 1976, Donald L. Bachman filed suit against the Federal Trade Commission ("FTC") alleging that the Commission engaged in racially discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Soon thereafter, the Court granted certification to a class of plaintiffs consisting of all black employees and applicants for employment with the FTC in professional positions GS–9 and above. Before trial, the parties entered into extensive negotiations which ultimately resulted in a settlement agreement (also referred to herein as a "stipulation" or "decree") that was approved by the Court on April 25, 1978. The stipulation set forth a broad-reaching plan designed to remedy discrimination at the FTC.

The settlement agreement provided that plaintiffs' counsel should oversee implementation of and monitor compliance with the plan during a five year period. As compensation for counsels' efforts, the stipulation provided that the Commission would "pay reasonable attorneys' fees, costs and expenses in amounts approved by the Court . . . subject to a maximum of $7,000 in the first year and $3,000 in each of the four succeeding years." Fees in excess of these amounts, however, could be awarded upon a showing of "extraordinary and unforeseeable circumstances."

Plaintiffs' counsel have now filed three fee petitions seeking additional fees because of such extraordinary and unforeseeable circumstances. In addition to the motions pending before the Court, plaintiffs' counsel had filed two prior fee petitions. The first motion resulted in an award of $80,309.78 to plaintiffs counsel for their time and effort in achieving the April 25, 1978 stipulation. The second motion sought fees for work performed from April 26, 1978 to December

31, 1980 and for time expended preparing the petition itself. The Court awarded plaintiffs' counsel $46,777.81 on this motion. The government appealed this award. However, on June 17, 1982, the Court of Appeals for the District of Columbia Circuit affirmed the award without opinion.

Plaintiffs currently have three attorneys' fees motions pending before the Court. In the first, plaintiffs' Third Motion for Attorneys Fees, they seek compensation for work performed from January 1, 1981 through December 31, 1981 and for time expended preparing the petition itself. The second, plaintiffs' Motion for Attorneys' Fees on Appeal, seeks recompense for work in defending the Commission's appeal of the Court's second fee award and for time spent responding to the FTC's supplemental opposition to plaintiffs' second fee application (which amount was not included in the second fee petition). Finally, in plaintiffs' Supplemental Motion for Attorneys' Fees, they seek compensation for time expended in responding to the government's numerous discovery requests in connection with the third fee petition.

Plaintiffs' counsel's entitlement to attorneys' fees is governed by the parties agreement. Accordingly, the Court must look first to the stipulation to determine whether an award beyond the $3,000 allocated in the agreement is warranted. If the Court decides this question in the affirmative, it must then decide what additional amount is appropriate.

## AN AWARD OF FEES GREATER THAN $3,000 IS WARRANTED BECAUSE OF EXTRAORDINARY AND UNFORESEEABLE CIRCUMSTANCES.

■ The parties' stipulation limits plaintiffs' counsel's fees to $3,000 for the period covered by these three petitions unless there are extraordinary and unforeseeable circumstances. Therefore, before the Court makes an award in excess of this amount it must find that such circumstances exist. Further, such a finding is necessary to justify each item of award in excess of the allocated amount. Plaintiffs argue that two extraordinary circumstances justify their third fee request. First, plaintiffs cite to problems which arose with regard to the study of the FTC's hiring and promotion policies conducted by an organization retained for this purpose, Personnel Decisions Research Institute ("PDRI"). From the very beginning, dealings with PDRI did not proceed as planned. Every deadline set by the Court had to be moved at least once and often on several occasions.

■ Moreover, PDRI and the FTC engaged in several substantial substantive disagreements as to how the study should be conducted. These disagreements caused further delays and demanded additional attention by plaintiffs' counsel. As a result of the problems that arose, PDRI presented its final report to the FTC and plaintiffs' counsel nearly two full years later than the parties had anticipated in entering into the stipulation.[1] Further, the final report submitted by PDRI for counsel to review was 12 inches high and contained far more detail than had been anticipated. The Court finds that the problems which arose surrounding the PDRI study, occasioning such substantial delay and requiring plaintiffs' counsel's attention, clearly constitute just the sort of unforeseeable circumstance that the decree envisioned as justifying an additional fee award.

■ The second circumstance plaintiffs cite to support their third fee request is the hiring freeze implemented by newly elected President Ronald Reagan in 1981. Plaintiffs' counsel were concerned that the freeze would interfere with the FTC's compliance with the decree and would have a deleterious effect upon class members whose offers of employment had been with-

---

1. The parties had expected the PDRI study to be completed by January, 1979. Anticipating that the study would require careful review and analysis, they allocated $7,000 in attorneys' fees for the period from April 25, 1978 to April 25, 1979 to compensate them for the additional effort that would be required. Thus, both parties recognized that review of the study would require plaintiffs' to amass substantial fees.

drawn because of the freeze. To assess and countermand the effects of the freeze, plaintiffs' counsel discussed the situation with the FTC and contacted individual offerees. Additionally, counsel decided to submit an *amicus* brief in another case before this Court challenging the freeze. Before the brief was submitted, however, the issue was mooted because President Reagan modified the freeze. The Court finds that the hiring freeze constituted an extraordinary and unforeseeable circumstance within the meaning of the stipulation. Therefore, an award of fees above the $3,000 specifically allotted for the year is warranted by plaintiffs' third fee petition.

█ Plaintiffs' motion for fees for appeal also meets the extraordinary and unforeseeable test. The stipulation contemplated that the fees it allotted would be adequate absent extraordinary and unforeseeable circumstances. Its $3,000 limit therefore, envisioned neither litigation of attorneys' fee awards nor appeal of such matters. It is difficult to imagine that plaintiffs would have agreed to limit their compensation to $3,000 if they foresaw that they would have to fight for a reasonable fee award both at the district court and at the circuit court level in light of the immense expense that litigation entails.

The decree plainly limited counsel to $3,000 only if there were no extraordinary circumstances. Once those circumstances arose, however, counsel became entitled to the full amount to which they could demonstrate entitlement. It logically follows that they must also be entitled to recompense for the time and effort expended in demonstrating entitlement in this Court and defending it, if necessary, in the Court of Appeals. Further, it was the government's appeal that required plaintiffs' counsel to expend the additional effort for which it seeks compensation here. It is thus with some skepticism that the Court hears the

government complaint about awarding these fees.

In plaintiffs' Supplemental Motion for Attorneys' Fees they seek fees for efforts expended on discovery sought by the government. Plaintiffs argue that most of the government's discovery requests were burdensome and unnecessary because the government had all the information it could possibly need from plaintiffs' two prior fee requests and the discovery and proceedings associated with them. In the most part, the Court agrees with plaintiffs' argument. Moreover, as noted above, the Court finds that all litigation-related expenses were not contemplated by the decree and thus should be awarded under the exception for extraordinary and unforeseeable circumstances.[2] In sum, the Court finds that each of counsel's three pending petitions have demonstrated circumstances which entitle them to an award above the $3,000 allocated in the decree.

## THE COURT WILL GRANT ATTORNEYS' FEES AT THE HOURS AND RATES PLAINTIFFS' COUNSEL SEEK ON ALL BUT THE SUPPLEMENTAL MOTION.

Since the Court has determined that plaintiffs' counsel are entitled to fees, the next question is how much counsel are entitled to receive. In order to arrive at a "lodestar" fee, the Court must determine the number of hours that have been reasonably expended and multiply these by what is proven to be a reasonable hourly rate. *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980). *See also Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

### Hourly Rates

█ The reasonable hourly rate is a product of the level of counsels' skill, time

---

**2.** Before discovery was initiated, defendants submitted an initial opposition to plaintiffs' motions, indicating that a final opposition would be filed once plaintiffs' discovery responses were reviewed. However, defendants never submitted an opposition utilizing these responses. It thus appears that discovery was a useless and wasteful exercise. Defendants' attempts to argue that plaintiffs' counsel are not entitled to recover for complying with their needless requests thus has little persuasive value.

limitations, the amount at stake, the attorneys' reputation and the undesirability of the case. *Copeland v. Marshall,* 641 F.2d 880, 892 (D.C.Cir.1980). The hourly rate to which counsel are entitled is generally considered to be the prevailing rate in the community for equivalent services. *Id.* Moreover, the rate to be awarded should be the prevailing rate at the time of award rather than the rate in effect at the time the work was performed. *Id.* at 893 n. 23.

■ Along with their fee petition, counsel have provided substantial documentation of prevailing wage rates in the community. Further, they have submitted affidavits detailing their normal hourly rates, which rates are "highly relevant proof of the prevailing community rates." *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1328 (D.C. Cir.1982). In addition to providing ample documentation for their rates, plaintiffs have decided to seek a rate lower than that which they regularly demand in order to provide a figure which the Court would deem reasonable. Based upon the evidence counsel presents and the rates which have been awarded in similar cases, *see, e.g., Connors v. Drivers, Chauffers & Helpers,* C.A. No. 82–1840 (D.D.C. Mar. 4, 1983), the Court finds that the rates detailed by plaintiffs' counsel are reasonable hourly rates. These rates are as follows:

| Attorney/Paralegal | 1982 Rate | Rate Sought |
|---|---|---|
| Roger E. Warin | $150 | $135 |
| John R. Labovitz | $150 | $135 |
| David M. Ifshin | $100 | $ 90 |
| Daryl A. Chamblee | $100 | $ 90 |
| Jeanne E. Davidson | $ 80 | $ 75 |
| Colleen P. Mahoney | $ 75 | $ 75** |
| Stephen G. Margeton | $ 75* | $ 75 |
| M. Eugenia Snyder | $ 50 | $ 40 |
| Thomas M. Tuggle | $ 40* | $ 40 |

\* These individuals were not employed by the firm in 1982. Accordingly, the rate given is their 1981 rate. The rate sought has not been further reduced.

\*\* Ms. Mahoney's participation in this case is only noted in plaintiffs' supplemental motion for fees. In that motion they sought a higher rate for all counsel. However, the Court has determined that the rates set forth in the supplemental motion are too high while the reduced rates given above are reasonable. Accordingly, the Court will only award fees to Ms. Mahoney at the reduced rate of $70 per hour.

The Court finds that these rates are consistent with the experience and qualifications of counsel, the fine reputation of their firm and the consistently high quality of the work that they have performed. Accordingly, plaintiffs' counsel shall be awarded the reasonable hourly rates set forth above multiplied by the hours reasonably expended on this case.

### Hours Reasonably Expended

■ Plaintiffs' third fee petition details the hours spent by counsel in connection with the PDRI study, the hiring freeze and preparation of the petition itself. The Court has already concluded that counsels' work with regard to PDRI was justified and will thus fully compensate counsel for this item. Additionally, it is well settled that counsel are entitled to fees for preparing the fee petition. *See, e.g., Moten v. Bricklayers, Masons & Plasterers International Union,* 543 F.2d 224, 240 (D.C.Cir. 1976); *Bachman v. Pertschuk,* No. 76–0079 (D.D.C. Aug. 18, 1981); *Bachman v. Pertschuk,* No. 76–0079 (D.D.C. Mar. 14, 1979). In this motion there is only one item to which the Court takes exception—fees sought for preparing an *amicus* brief in a case challenging the hiring freeze. The Court finds that counsel's decision to file such a brief was outside of the duty imposed upon plaintiffs by the decree. Therefore, the time expended in this manner is noncompensable.

On plaintiffs' third fee petition they seek $21,000 in fees. This amount was reduced from $25,633 in the exercise of billing judgment. Thus, plaintiffs' counsel have already reduced the fees they request by more than $4,000 in an attempt to eliminate any nonproductive or noncompensable time. In so doing, they took into account the time spent on the *amicus* brief (which time added up to $2432.50). Accordingly, the Court finds that the plaintiffs' own reduction of their billed hours adequately compensated for this noncompensable time and any other of the minor objections defendants have raised. Plaintiffs' counsel will thus be awarded $21,000 in attorneys' fees on their third fee petition.

In plaintiffs' motion for attorneys' fees on appeal they seek $14,850 for time spent defending the appeal of this Court's judgment on plaintiffs' second fee petition and for hours spent analyzing and responding to the FTC's supplemental opposition to that petition. Upon careful review of the time sheets, the Court finds that the hours expended by counsel with regard to this motion were warranted. Accordingly, the Court will grant plaintiffs the full amount sought.

Finally, plaintiffs' counsel seek $4931.25 in their supplemental motion for attorneys fees for hours spent responding to and opposing the government's discovery requests surrounding the third fee petition. The Court has carefully examined counsel's detailed affidavits explaining the manner in which their time was spent and finds that the hours set forth are reasonable and compensable. However, plaintiffs will not be awarded the $4931.25 they seek because these figures were based upon hourly rates in excess of those the Court has herein approved. For purposes of this motion plaintiffs' counsel sought $150 per hour for Mr. Warin, $100 per hour for Ms. Chamblee and $75 per hour for Ms. Mahoney. The Court sees no reason why hours expended on discovery should be more highly compensated than those spent in other ways. The Court shall grant counsel only those rates previously determined to be reasonable. Accordingly, plaintiffs shall be awarded $3509.75 on counsel's supplemental motion.[3]

In addition to the fee requests discussed above, plaintiffs seek a total of $1915.26 in costs for the periods covered by the pending motions. The stipulation provides that plaintiffs are entitled to recover reasonable costs approved by the Court. The Court finds these costs to be reasonable and will award them in full.

An order in accordance with the foregoing will be issued of even date herewith.

3. This rate is calculated as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Roger E. Warin | 6.25 | $135 | $ 843.75 |
| Daryl A. Chamblee | 18.75 | $ 90 | $1688.50 |
| Colleen P. Mahoney | 28.25 | $ 70 | $1977.50 |
| | | | $3509.75 |